ACCEPTED
04-14-00655-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/8/2015 4:53:51 PM
KEITH HOTTLE
CLERK

NO. 04-14-00655-CV

| | | |
|---|---|---|
| IVARENE HOSEK AND VICTOR HOSEK, | § | IN THE FOURTH |
| | § | |
| Appellants, | § | FILED IN<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS<br>01/8/2015 4:53:51 PM |
| | § | |
| v. | § | COURT OF APPEALS |
| | § | KEITH E. HOTTLE<br>Clerk |
| ROSALE SCOTT, | § | |
| | § | |
| Appellee. | § | SAN ANTONIO, TEXAS |

## APPELLEE'S RESPONSE TO APPELLANTS' MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS' BRIEF

Appellee ROSALE SCOTT files this Response to Appellants' Motion for Extension of Time to File Appellants' Brief and in support thereof, respectfully shows the Court as follows:

1. Normally, Appellee's counsel does not oppose extensions, but Ms. Chimene's well-established pattern of unreasonable delays should factor into the Court's limiting this extension to no more than thirty (30) days.

2. Appellants' Brief was due on January 7, 2015. Rather than file their request to extend their deadline in advance, Appellants decided to serve their 60-day Motion for Extension of Time to File Appellants' Brief ("the Motion") on January 7, 2015, the date their brief was due.

3. First, summary judgment was granted in this case on or about March 3, 2014. *See CR 147-149.* A final judgment was filed in this case on or about June 19, 2014. *See C.R. 210-215 (Final Judgment).* Accordingly, it has been over ten months since summary judgment was granted in this case and nearly seven months since the trial court issued a Final Judgment. Appellants' argument that "Counsel has begun research" in this case, is simply inadequate. *See the Motion at p. 2.*

1

4.      Second, Appellants have already had their time for filing a brief automatically extended by the filing of post-trial motions. Following the final judgment, Appellants filed a Motion for New Trial, which they never even set for hearing. *See CR 248-250.* The obvious basis that they filed the Motion for New Trial, was to extend their deadlines.

5.      Third, Appellants have had their time for filing a brief extended by their delays in securing the Reporters' Record. The Appellate record was due to be filed by October 17, 2014. See Tex. R. App. P. 35.1. However, the Court received Notice of a late filed Record. *See Fourth Court Correspondence dated October 21, 2014, Court File.* The Court granted an extension on the filing of the Reporters' Record until December 1, 2014. *See Court Order dated October 29, 2014, Court File.* Appellants' deadlines were further extended because the Reporters' Record was not filed on the extended deadline but was instead filed on December 8, 2014. *See Fourth Court Correspondence dated December 8, 2014, Court File.* Accordingly, Appellants automatically received approximately a seven week extension because of the delays in the filing of the Reporters' Record.

6.      Finally, it is important to note that Appellants are not being prejudiced by their delay because Appellants are receiving royalty payments during the appeal. In fact, they have received nearly $195,000.00 in royalties between January and November 2014. *See Affidavit of Ivarene Hosek* at p. 2 attached to *Appellants' Reply in Opposition to Increasing Supersedeas Bond, Court File.* Scott, who prevailed on summary judgment over ten months ago, has not received any royalties.

7.      Appellants have had an adequate amount of time in which to research and file their brief. It has been over ten months since summary judgment was granted and nearly seven months since a final judgment was entered. A sixty day extension would result in the

2

Appellants' initial brief being filed approximately a year after the trial court initially granted summary judgment. Moreover, Appellants continue to receive royalties during the appeal whereas Scott, who has been determined to own fifty percent of the minerals under the Property in question, is not receiving any royalties. Accordingly, Appellants request for a sixty day extension should be denied and at most, this Court should permit Appellants an additional thirty days in which to file their brief.

**BARTON, EAST & CALDWELL, P.L.L.C.**
One Riverwalk Place, Suite 1825
700 N. St. Mary's Street
San Antonio, Texas 78205
Telephone: (210) 225-1655
Facsimile: (210) 225-8999


By:____ /s/ G. WADE CALDWELL _____
    G. WADE CALDWELL
    State Bar No. 03621020
    Email: gcaldwell@beclaw.com
    RAQUEL G. PEREZ
    State Bar No. 00784746
    Email: rperez@beclaw.com

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document will be served in the manner indicated below this 8th day of January, 2015 upon the following:

Michele Barber Chimene
The Chimene Law Firm
15203 Newfield Bridge Ln.
Sugar Land, TX 77498
Email: michelec@airmail.net

___ First Class Mail
___ Facsimile
___ Hand Delivery
_x_ Electronic Transmission

Robert J. Ogle
Attorney at Law
508 E. San Antonio Street
Boerne, Texas 78006
Facsimile: (830) 249-8508
Email: bob@ogleattorney.com

___ First Class Mail
___ Facsimile
___ Hand Delivery
_x_ Electronic Transmission

*Counsel for Appellants*

/s/ G. WADE CALDWELL
G. WADE CALDWELL
RAQUEL G. PEREZ

M:\2000\2200 OIL AND GAS CLIENTS\121 Hosek v Scott\4TH COA APPEAL\Pleadings\Appelle's Response to Appellants' Motion for Extension of Time to File Appellants' Brief.docx

4